RACHAEL FLETCHER & another *vs.* ARTHUR M. EVANS & another.

Worcester. Sept. 29. — Oct. 26, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

If a widow is authorized by the heirs at law of her husband to erect a monument in the burial lot owned by him at the time of his death, such authority gives her the right to make any reasonable contract for a monument, and, by implication, the right to give the contractor a license to enter the lot to build the monument, and to remove it if it is not satisfactory, or if she does not pay for it according to the contract.

TORT for breaking and entering the plaintiffs' close, namely, a burial lot in Milford, and taking and carrying away a monument, erected there by the defendants under a contract with Rachael Steele, the widow of David Steele, who was the plaintiffs' father and the owner of said lot at the time of his death.

Trial in the Superior Court, without a jury, before *Barker*, J., who found for the plaintiffs; and the defendants alleged excep tions. The facts appear in the opinion.

*W. A. Gile*, for the defendants.

*H. L. Parker*, for the plaintiffs.

MORTON, C. J. By an express provision of the contract made between Rachael Steele and the defendants, they had the right to remove the monument erected by them at the grave of her husband, David Steele, if it was not paid for according to the terms of the agreement. The bill of exceptions states that the plaintiffs " knew of said contract ; " and that the defendants erected the said monument " with the knowledge and assent of the plaintiffs, but it did not appear that they knew or assented · to the part of the contract which gave the defendants power to take it away." After the monument was completed, Rachael Steele notified the defendants that it was not according to the contract, requested them to remove it, and refused to pay for it. Upon these facts, we are of opinion that the defendants had the right to enter the burial lot and remove the monument.

It is not necessary to consider whether a widow can, without the consent of the heirs, erect a monument at the grave of her deceased husband, and give to the contractor a license to enter the burial lot for the purpose of erecting it, or for the purpose of removing it if it is not satisfactory, or if it is not paid for according to the contract. In this case, the heirs at law authorized her to erect the monument. Such authority, without any restrictions, gave the widow the right to make any reasonable contract for a monument, and, by implication, the right to give to the contractor a license to enter the lot to build the monument, and to remove it if it was not satisfactory, or if she did not pay for it according to the contract. The contract which the widow made with the defendants was a reasonable one. Under it, the monument would not become a part of the realty until it was accepted and paid for. To this extent the plaintiffs are bound by it. They knew of the contract, and knew that the defendants, acting under it, were putting up a monument. They did not object to it at the time, and cannot now deprive the defendants of their right to remove the monument because they did not inquire into its terms.                    *Exceptions sustained.*